DUNCAN, Circuit Judge,
dissenting:
I am in complete agreement with Judge Agee’s thoughtful dissent and write separately only to explain the basis of my conviction that the statutory language must cabin our inquiry. Although I have the greatest respect for the majority’s attempts to grapple with Carachuri, I remain unconvinced that that decision, based on an unrelated, civil statutory scheme, offers any clear direction here. In that sense, it is not unique. As Justice Scalia recently observed, the Supreme Court’s jurisprudence has hardly distilled ACCA’s murky waters. Derby v. United States, — U.S. -, 131 S.Ct. 2858, 2860, — L.Ed.2d-(2011) (Scalia, J., dissenting) (characterizing the Supreme Court’s ACCA decisions as “incomprehensible to judges”). In such circumstances, it is particularly compelling that we navigate those waters by the plain light of the statutory text.
Here, that text does not ask whether the defendant had a “prior conviction” for which he could be punished by more than one year of imprisonment. To the contrary, it compels us to determine whether the defendant had a prior conviction for “an offense that is punishable” by more than one year of incarceration under 21 U.S.C. § 841(b)(1)(D). Under North Carolina law, Simmons’s Class I felony offense was so punishable. See N.C. Gen.Stat. §§ 15A-1340.17, 90-95(a). In my view, that ends our inquiry.